Oh, it's cold in here. It is, I'm wearing warm yesterday too. It's freezing, just don't turn the heat up. Let's see, is counsel here for the personal audio case? Yes, Your Honor. Please come forward. We'll see, I thought I'd see what they said. Okay. Okay, the next argued case is number 16, 1123, Personal Audio, LLC against Electronic Frontier Foundation. Mr. Pitcock. Thank you, Your Honor. May it please the court. This case involves a patent that in 1996 described a new apparatus for distributing content over the Internet that allowed a compilation file to capture both old episodes in the series as well as new episodes as they became available. I think we need to talk about the waiver issues because I have to say, people always argue waiver, but these are pretty strong waiver arguments. So help me out here. Where did you raise these issues with respect to these claim constructions with the board? Certainly, Your Honor. There are a number of places where, and I'll take them in turn, if you look at episodes in a series. I apologize, Your Honor. I pulled the wrong one. Throughout the argument at the IPR, we distinguished and talked about things like the Twilight Zone episode because there are two primary components to the issue of the construction of series of episodes. One is whether they can all come out at the same time despite the plain claim language, and the other is how related do they have to be. We repeatedly distinguished Compton and Patrick CBC on the grounds that all of the segments both came out at the same time at a given file, and we distinguished them because none of the segments had anything in common. In particular, in our reply brief, we go through the various citations in the appendix. Your point is that you were arguing for a claim construction indirectly by the manner in which you were distinguishing prior art? I think the question that Judge O'Malley was asking was if you could point in the record to where you had offered a claim construction that was rejected by the board. Maybe I didn't hear her correctly. Certainly. Your Honor, the board did not construe series of episodes in its opinion. We had proposed two differing constructions for it. You said that episodes and series of episodes were one and the same, and you said the board's constructions weren't really relevant to your arguments. Didn't you say both of those things? No. What we said was that the claim language is very specific, and if you simply look at those words in isolation from the remainder of the claim, you might come to a broader meaning of episode. But the claim language in Claim 31 makes it very clear that episodes in a series have to come out from time to time as new episodes in the series become available. It describes the compilation file as including new media files, which are the episodes themselves, which come out as they become available, and it describes attribute data that has to come out and describe the currently available episodes, plural, in the series as it becomes available. Can you just point to me where, show me in the appendix, where you made the argument that this separated in time is an aspect of the series of episodes. Yes, Your Honor. So if you look at A683, which is during the argument in front of the EFF, and it was raised several times earlier in, I'm sorry, if you look at A683 in the appendix, we specifically state, and it's looking at the Compton reference, that it's not updated as new episodes become available. Instead, each new episode is represented by a different table contents page at a different URL. And we argued it both in terms of the compilation file and the series of episodes, and we also at the oral hearing, if you look at A767, we specifically say in response to questions by Judge Sneddon, I apologize if I'm mispronouncing his name, then you have to go back and ask another thing about the theme, Judge Ward, you were asking about theme. You can ask yourself a question, does it matter in which order you watch the news program in? If you watch The Vegetable first, is that better than watching Jupiter? If it doesn't matter, then it's probably not an episode in the series of episodes. There's no relationship to the order that they are in, and that's where he's specifically arguing, and if you look at the next page, he goes on to argue, you can watch them out of order if you like to, Your Honor, but there is a given order to episodes. Typically, for example, if you jump in at House of Cards, which is a common Netflix program, at episode 12, you have no idea what's going on. Thematically, you have completely lost the thread. That's because a series of episodes, especially in light of this claim language, has an order. It has to come out from time to time as new episodes in the series become available. He goes on to argue about the Twilight Zone, because the second part of the argument is, even if they're coming out over time, are they thematically related? It's not episodes in a series if you're talking about two different television programs. For that reason, all of these arguments were raised below in terms of why there was no substantial evidence for this prior art anticipating or rendering obvious the claims. There are particular arguments on waiver. You probably also have to step back and ask, if they don't have standing to raise these arguments, then are they even in the record at this point? In other words, if they don't have standing to raise these arguments, have these arguments on waiver themselves been waived by failure of the department? Assume the standing, and if need be, we'll take that up separately. Yes, Your Honor. For your argument on the merits, let's assume they have standing. Certainly. We go through this in our reply brief on page 20. We also disputed compilation files. Specifically, first in the response, if you want to look at A663 and 64. This is with respect, particularly to Patrick CBC, but we describe how nothing in the disclosure suggests storing an updated version of a compilation file at a storage location determined by a predetermined URL. In fact, Your Honors, when the petitioner here first filed their petition, they conceded that this Compton CNN reference didn't anticipate because instead of updating a compilation file, it created a new file every day. You can find that in the petition at A560, which is probably why it wasn't more extensively discussed then. When they raised it later, and I'm sorry, just to go back, if you look at A560, it says, thus Internet CNN newsroom described all the elements of Claim 31 except an updated compilation file. Instead, the designers chose to create a new compilation file each day. They conceded that this was a difference in the prior art from Claim 31, but we nevertheless argued it also when we got to the oral argument. If you look at, for example, specifically at A760 and 761, Judge Anderson asked directly, do you have a dispute at this time with the construction we gave to compilation file? Personal Audio responded, yes. Here, with either the CNN or CBC references, there is no compilation file. Each day is a brand new date in the CNN news, and each day on the radio for the Quirk series, which was part of the Patrick CBC reference, and our show, Broken in the Segments, it's the same show. They contain segment information, Your Honor, and they also lack any compilation. These arguments were raised below. They might have been phrased a little differently. They might not have had the same clarity, but I do not believe they were waived. These were all raised, in some cases, both by the petitioner and the respondent, and they were certainly addressed at oral argument as being differences from the prior art, and I believe that those differences result in the board's decision not being supported by substantial evidence, whether you look at it as a claim construction issue or whether you simply look at whether the prior art meets the plain meaning of this claim language. In the CNN content, there are, when you say it's a new day, but each day is added to the compilation file, correct? No, Your Honor, that is incorrect. Every day, a bunch of segments from that day's newscast, at the same time, are made available at a single link. That link, that information, is never updated. It's never changed. And then the next day, for that day's newscast, a different series of little segments is made available. That's undisputed how Compton and Patrick CBC work. But the old segments remain available. Not at the same URL. They're not at the same file, Your Honor, and that's the big difference is they just, every day, a new URL with new content. They never add the new episodes and the old episodes together in the same file. That's never done with Compton CNN or Patrick CBC. And they're fundamentally different because what they describe is what we stated in our specification was in the prior art, which is making new content available at a different location. That had been done. Not only by CNN, not only by Compton, but it had been done by others, which we described in our specification. This was something new. The newness of it was keep going to the same location and continue to get the same thematic content in an updated file. And that's why the obviousness decision is incorrect as well, and it was also argued below, which is that it is not obvious to change searching a site for content that's thematically related and having a file where that content is updated to the file by the system. Those are two different things. And there's no dispute that CNN and Patrick CBC operated in this different manner, which is why when they first filed their petition, they didn't even claim that CNN and Compton anticipated the Claim 31 of our pact. I'm sorry, Your Honor. Well, I was going to interrupt you since we've about exhausted your time. Can you sit tight until your rebuttal, and we'll save your rebuttal. Absolutely. Thank you, Your Honor. Okay. Let's hear from the other side. Let's hear from Mr. Brown. Good morning, Your Honors. May it please the Court. The Board correctly found that personal audio's claims were unpatentable based on the CNN and CBC references. The arguments that we're hearing now are very different from the arguments that the Board resolved below. And fundamentally, we believe the reason the arguments are different is that personal audio's expert admitted below that we were correct on the arguments that they were making below. And in particular, the argument that we've just heard here was focused on the idea that there was no waiver of claim construction arguments about episodes and series of episodes because an argument was made below about whether or not this compilation file was updated. Well, their expert conceded below that the compilation file that's disclosed in the reference was updated, and the Board so found. And so what we have here is a pivot, an attempt to recast this argument, which they lost below because their expert admitted that the file was updated, to turn it into a claim construction argument about series of episodes that was not made below. Putting that aside and turning to the merits of the argument that we're hearing now about the temporal limitation in episodes and series of episodes, I want to make three points. I want to make a point about the claim language, about the specification, and I want to make a point about the examples that their counsel used below in arguing to the Board. I'm going to start with that. They used two examples in arguing below to the Board about what was and wasn't an episode. They said that the House of Cards Netflix show was an example of something that is episodes. But the House of Cards Netflix show is inconsistent with the position they're taking here today about episodes being issued over time, because House of Cards, like all Netflix-produced content, a season is released all together at the same time. So all the episodes of season one of House of Cards wouldn't fit the definition or the argument that they're urging here today that require episodes that issue over time at different times. We're getting a little far afield, though. Isn't really the question is whether or not a single segment can be an episode? Yes, Your Honor. That's absolutely right. So that, in other words, a segment of a show could constitute an episode under your view and under the Board's view? Certainly. The CNN reference describes an educational newscast that's 15 minutes long, and it typically was broken into three to five news stories, and those segments were each several minutes long. Those segments were found by the Board to be episodes, and you're correct. That is, in fact, the issue. And isn't that what the patent says, repeatedly referring to the word segments? Correct, Your Honor. The patent describes what you can think of as tracks on a CD as segments, distinct chunks of content that can be played back or skipped. The patent explains that those segments, when they are organized into a series, can be referred to as episodes. And it gives examples of the kinds of things that can be organized in this serial way. One of the examples it gives is news stories, and it explains that the purpose of organizing things into a series of episodes is so that when you've This is the patent I'm talking about here. When you've selected one of them, that indicates an interest in the complete series, and you may then automatically get the complete series. Or you can select the entire series to get the episodes within a series. So the patent uses, as examples of episodic content, news stories on a particular topic. It uses the example of news stories about America's cup races. It uses the example of world news, local news, et cetera. And so the patent itself describes the type of segments that we see in the prior art as episodes. And I can give you the... What about your friend's argument that the compilation file isn't updated with prior segments? It's only updated within a range of that same day's segments, and then it disappears. It doesn't disappear, but it's true that the particular file for a particular day contains only that day's segments. So the way the prior art reference worked is there was the broadcast of the show, which was automatically recorded. There was also... They captured a file which described the contents of that that CNN put out by email. And then there was a program which automatically parsed the file and connected it to the video, and it automatically, every day, produced a file called contents.html. That same file was produced every day, and it was updated every day to contain the new day's episodes, the new day's news segments, the new day's news stories. That was located at a different URL every day. So if you look at figure one... Updated even though the content could be entirely different. The content... Correct, Your Honor. Your day one show, if you had five segments on CNN, the day two, you could have five segments on five entirely different topics. Correct. And that's exactly how... That would still be updated. Correct, Your Honor. That's what we argued below. That's what the board found, and that's what their expert conceded, was that that file was updated every day. That's a... The argument he's making here this morning is to the contrary, isn't it? It is. We presented in the initial IPR finding arguments which... I believe we presented both arguments. The argument that if this was not considered to be updating, it was nonetheless obvious. I believe the part that he quoted was the argument we were making below, that this was obvious even if creating a new file each day was not considered to be an updated... You were saying that you believe that your adversary's expert conceded below that what you were talking, what I would example, would be updating, just replacing yesterday's program with today's program. But what I heard your adversary argue when he stood up here this morning was to say, no, no, the content has to be related. In order to be updated, it has to be related to one another, so that the updating would only be if you updated the stories that you told about yesterday. Is that what you heard him to be saying when he was...  The reason that would be true here is because it is the new version of the CNN newsroom show. It's the same show that's being broadcast daily, and you have day one, day two, day three, day four, being created where a table of contents file, which is the compilation file in question, where that's being put onto the Internet. If you look at the claim language, I can explain. I think this is important. Because the claim language describes two things. It describes when this compilation file is updated, and it describes what is within the compilation file. And the argument that they have made here in this appeal about the series of episodes and past episodes addresses the language in the claim that describes when the compilation file is updated. And in particular, the claim says, from time to time, as new episodes are represented, and said series of episodes become available, storing an updated version of a compilation file. That's exactly what the CNN reference does. From time to time, as new episodes and said series of episodes become available, every day when the CNN broadcast occurs, storing an updated version of a compilation file, creating an updated contents.html table of contents that contains the links and the descriptions to the segments of that show. There's a second requirement. The second requirement is about the content of the compilation file. Updated just means different. Correct. And that's what the board found. As I understand it, there's no requirement that the same story, the same... Because what's updated is the version of the compilation file, not the episode itself. But the compilation file contains what was the subject of yesterday's broadcast. Correct. The compilation file is... That was where I was going with the claim language. The claim says that the updated version of the compilation file must contain data describing currently available episodes in said series of episodes. So the claim doesn't say that there need to be past episodes in the compilation file. It says there need to be currently available episodes. That's exactly what the prior art does. Turning out of the specification, there's a reason that that's what the claim says. The specification in the preferred embodiment, what it describes, is a procedure for choosing content to provide to an audio player. The compilation file is the mechanism that identifies the content that's to be provided to this audio player. Crucially, at column 7 of the patent, at lines 10 to 19, the patent explains that this compilation file is for the upcoming session. It's for what the person is going to listen to next. It's not being used as a library. There's a separate feature, if you look at the figures, you can see there's a library of all of the program segments that might be available to be distributed. That is not what the compilation file is. It's not intended to be the comprehensive listing of everything that has happened in the past. It's intended to be what you're going to get in the future. And if you look at column 19... 65... I'm sorry. Let me just get it out of my notes here. It's at the bottom of column 19, Your Honour. Starting at line 60, it describes something called a usage log. And it explains, in particular, that the usage log can be used to ensure that the subscriber has an opportunity to hear episodes that may have been skipped. In other words, when you read the remainder of this, what it's explaining is, you've downloaded one compilation file, say you had episode 2 on that and episode 3. If you've already listened to episodes 2 and 3, the updated version of the compilation file isn't going to include episodes 2 and 3 because you've already listened to them. It would include episodes 4, etc. However, if you didn't listen to them, if you skipped them, that's the circumstance where the updated compilation file might include the past episode. So in the preferred embodiment, there's a good reason why the claim... to be written the way that it is. It has a component of when the file is updated, and it has a component of the claim language that describes what the claim contains. I'm sorry, what the compilation file contains. And the part of the claim language that describes what the compilation file must contain says it only needs to contain currently available episodes, which is completely consistent with the preferred embodiment. I want to point out one more point about segments. In particular... I want to point to... I believe it's in column 39 of the patent. It starts at line 36. Here it explains that the invention supports the construction of serialized groups of program segments in which the sequential episode segments may be downloaded one at a time or separately. At that portion of the specification, the patentee is expressly equating serialized groups of program segments with sequential episode segments. They're clearly saying that these program segments are episodes. That was cited by the board but not discussed. The segment that the board cited and discussed is the segment in column 19, where they explain, the patent states, a given program segment may represent an episode in a series which is selected as a group by a subscriber. Fundamentally, Your Honors, the prior art describes exactly what the claim requires. From time to time, as new episodes, as new shows become available, an updated contents.html file is created. That compilation file squarely meets the requirement of describing the currently available episodes. With that, unless any of Your Honors have questions. Any more questions? Would you like me to address the standing issue in any way? Thank you, Mr. Brown. Mr. Hitchcock, you have your rebuttal time. Yes, Your Honor. If you look at the portion that counsel was citing of the specification, which is on appendix page 60 and it's at column 20, starting at about line three. It describes what news stories could be considered a serialized episode. They involve the same topic, America's Cup Yacht Races, in this instance. There's a chronology. It evolves over time. The prior art here had, each day would have a series of segments that had nothing to do with one another. There was no order to it. You could read them in any order and they had nothing to do with one another. Then the next day, you'd get a bunch of new segments because the program was too big to just fit on one URL. Those wouldn't have anything to do with the day before. There's nothing serialized and there's nothing topical about any of this prior art. That's why the jury that looked at the same prior art decided that it did not anticipate nor render obvious the claim 31 of this patent. That's because the plain language requires a compilation file with multiple episodes in a series that have something to do with one another and that is never present in this system. The only way you ever get, in CNN, any topics put together is if you search for them, essentially with a keyword search, and look them up. When you do, there's no mechanism for giving you new content on that same topic, which was the point of this patent. It was to allow you to select something that you were interested in and then to continue to get serialized episodes on the same topic at a single file. You didn't have to go searching around. You didn't have to go looking for it. You didn't have to do all the things that were known in the art. Instead, a single file would be updated with multiple episodes in the said series, not a completely new series, which is how opposing counsel is reading these claims. The claim, say, if you want to look at Appendix 75, column 50, line 58, approximately, the attribute data in this compilation file has to describe currently available episode in said series of episodes, meaning the same series of episodes, the same related topic. It's a compilation file because it's taking what was there before and it's adding the new stuff. It's not creating a new file. It's not creating out of whole cloth something that wasn't there before at a different URL. It's updating a file that was already at a URL with topics that the listener or viewer was interested in and adding those new serialized content to the same file. That's what's described in the patent over and over again, even in the parts that he's trying to cite to, was that you were allowed to select a topic and perhaps the Netflix series wasn't the best example to give. He was not giving it in terms of anything having to do with timing. He was giving it in terms of having to do with it having to be the same topic. You can't just say, if you look at the CNN newscast and you look at the example, you have articles on Jupiter's moons and garden vegetables and they have nothing to do with one another. If you go to the next URL the next day, they won't have anything to do with the stories that you found at the URL before. They're not a serialized sequence. It's not episodic. This issue was in front of a jury. They already decided that CNN and Compton didn't anticipate or render these claims obvious. The board's decision at most is summary. They give no rationale for modifying this very different system to the claims of the patent. Thank you, Your Honors. Thank you, Mr. Pitcock. Mr. Brown, the case is taken under submission.